UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATRINA LEE, ) | |
| ) | |
| Plaintiff ) | **Case No.:** |
| ) | |
| v. ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| NAVIENT SOLUTIONS, INC., ) | |
| ) | **(Unfair Debt Collection Practices)** |
| Defendant ) | |

## COMPLAINT

KATRINA LEE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NAVIENT SOLUTIONS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Reading, Pennsylvania 19605.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with an office located at 123 Justison Street, Suite 300, Wilmington, Delaware 19801.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for more than one year.

11. Beginning in or about July or August 2015 and continuing thereafter, Defendant called Plaintiff on her cellular telephone.

12. Defendant used an automatic telephone dialing system and/or artificial or pre-recorded messages.

13. On occasion when Plaintiff would pick up the phone, she would be met with a pre-recorded female voice stating Defendant's name.

14. During these conversations, Defendant informed Plaintiff that it was calling to collect a student loan debt.

15. In or around September 2015, Plaintiff requested that Defendant stop calling her and to remove her number from their calling list.

16. Defendant heard and acknowledged this request by responding that they could not do what Plaintiff requested.

17. However, Defendant ignored Plaintiff's request and continued to call her through December 2016.

18. Once Defendant was informed that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

19. After Plaintiff's multiple requests to stop calling were ignored by Defendant, she had no other option but to block Defendant's calls by downloading a blocking application on her cellular devise.

20. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automatic or "predictive" dialing system.

23. Defendant's calls to Plaintiff were not made for emergency purposes.

24. Defendant's calls to Plaintiff, in and after September 2015, were not made with Plaintiff's prior express consent as Plaintiff verbally revoked any prior consent she may have given during her numerous conversations with Defendant.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KATRINA LEE, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KATRINA LEE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: March 13, 2017          By: /s/ Amy L. Bennecoff Ginsburg
                              Amy L. Bennecoff Ginsburg
                              Kimmel & Silverman, P.C
                              30 East Butler Pike
                              Ambler, PA 19002
                              Telephone: (215) 540-8888
                              Facsimile (215) 540-8817
                              Email: aginsburg@creditlaw.com
                              Attorney for Plaintiff